DANIEL FISHER, Executor of HANNAH HOLLAND, *v.* PARDON T. KIMBALL AND OTHERS, Appellants.

A married woman may dispose of her estate by will, by the consent of her husband, given in writing under his hand and seal during the coverture.

And *quære,* whether, in this State, any contract, or consent, by the husband is necessary, in order to render such will valid. REDFIELD, J.

THIS was an appeal from a decree of the court of probate, approving the will of Hannah Holland, deceased. The several pleas of the appellants were, first, that the testatrix never executed the will offered for probate,—secondly, that, at the time of the supposed execution of the will, the testatrix was not of sound mind,—thirdly, that the will was obtained by the fraudulent and unfair practices of the executor,—and fourthly, that the testatrix, at the time of the supposed execution of the will, and from thence until the time of her decease, was under coverture of one Abraham Holland, her husband, who was still living. On the three first pleas issue was joined; and to the fourth plea the executor replied that the will

was executed by the testatrix with the license and consent of her husband, the said Abraham Holland, given to her in writing under his hand, before and at the time of the execution of the will. On this replication issue was joined. Trial by jury.

On trial the executor offered in evidence the will in question, which commenced with a recital that the testatrix was the wife of the said Abraham Holland, and had the right to make her last will and testament, by the law of the land, by a legal contract between the said Abraham Holland and herself previous to the marriage, and by his express consent since and at all times during the marriage, and which purported to convey personal estate only; to the admission of which, in evidence, the appellants objected; but, the execution being duly proved by the attesting witnesses, it was admitted by the court. This instrument bore date March 6, 1839.

The executor then offered testimony tending to show that said instrument was executed under a license, given by the husband for that purpose, and that he was competent to execute the same; and, in support thereof, offered three several papers, which were proved to have been signed by the persons whose names were appended thereto. The first was an agreement, under seal, executed by Abraham Holland and his wife, after their marriage, bearing date September 24, 1824, which recited an agreement made between them previous to their marriage, and in consideration of the same, that all the property of each should continue to belong separately to each in the same manner as if the marriage should never occur; and which, in furtherance of the said prior agreement, expressly provided, among other things, that the said Hannah should "keep and retain to her sole and separate use and benefit, and her heirs, all the goods, notes of hand, rights, credits and personal property, which belonged to her at and before her marriage with the said Abraham;" and that she might "at any time use said property as she might think proper, and dispose of the same in whole, or in part, by gift, sale, will, or in whatever manner she might think proper;" and which, after reciting that Daniel Fisher then had charge of the property of the said Hannah, contained this clause,— "It is hereby understood that the said Daniel is appointed the trustee for the said Hannah, to take the charge and direction" of her

said property, and to manage and account for the same according to certain specified provisions.

The second paper offered in evidence by the executor was signed by Abraham Holland, not under seal, and bore date August 4, 1838, and purported to be an expression of his " free and full consent " that the said Hannah might " make and execute her last will and testament, giving and bequeathing to whom she pleases all her estate and property of every description." The other paper offered was of like tenor, and executed by Abraham Holland in like manner, and bore the same date with the will offered for probate,— March 6, 1839. All which papers were objected to by the appellants, but admitted by the court.

The appellants then gave evidence tending to prove that the said Hannah and Abraham, by reason of age, &c., were incapable of making a will, and that the said Abraham was also incapable of giving his consent to the same, or of understanding the nature of the instrument which he executed.

The executor then offered in evidence a writing, signéd by Abraham Holland, dated January 24, 1843, purporting to express the consent of the said Abraham to the probate of the will offered ; and also a former will, made by the deceased, dated Aug. 7, 1838, as evidence tending to show that the dispositions and intentions of the said Hannah were, at the time of making the same, essentially similar to those expressed in her said last will ; both which papers were objected to by the appellants, but admitted by the court.

Testimony was farther offered by the executor, tending to prove that the husband had said, previous to the making of the will offered, that, by an agreement made between him and his wife, previous to their marriage, he was to have none of his wife's property, and she was to have none of his,—that he had no care or concern about the property,—that she might dispose of the same,—and that what was her will was his will ; all which was objected to by the appellants, but admitted by the court.

The court charged the jury, among other things, that, in order to find the issues in favor of the executor, they must be convinced from the testimony that the said Hannah, at the time she executed the will in March, 1839, was of sound and disposing mind and

memory, capable of understanding the business she was about to do, and of forming the intention of disposing of her property by will; that they must also be convinced that the said Abraham, at the time he executed the license in March, 1839, was capable of giving his consent to the making of the will, and understood the nature of the instrument he then executed, and did give his consent to the said Hannah's making the will in question; and, farther, that they must be convinced that no fraudulent or improper practices were exercised over either the said Hannah, or the said Abraham, by the executor.

The jury returned a verdict in favor of the executor on all the issues joined. Exceptions by appellants.

*W. C. Bradley* for appellants.

The first question presented is, whether a *feme covert* can make any will. She clearly could not, of real estate, whether with or without the consent of her husband. Slade's St. 336, § 16. Pow. on Dev. 94. 1 Mod. 211. *Osgood* v. *Breed*, 12 Mass. 525. *Marston* v. *Norton*, 5 N. H. Rep. 205. *Picquet* v. *Swan*, 4 Mason 443. Bracton, lib. 2, cap. 26, fol. 60. Fleta, lib. 3, cap. 3, p. 178, § 12. Moore, page 339, case 459.

If the court shall be of opinion that she might have made a will with the consent of her husband, being, after all, a gift,—See authorities *ut sup.*,—the question arises, whether, as by our statutes personal property is made distributable as by descent, and must be disposed of with the same solemnities as real estate, a change in the common law has not been produced in that particular; and also whether, in this case, such consent was properly given; and whether the point was regularly presented to the jury. It is now evident, from the whole case, that whatever consent was given had reference to an agreement reduced to writing after the marriage, and that the will was executed with a view to that agreement; for the husband always expressed himself as having parted with all control over the property brought by the wife, and the testatrix refers to a contract existing long before the execution of the will. If this contract is void, it is apparent that the parties acted under mistaken impressions as to their rights, and so that no fair consent was given.

Fisher, Ex'r, *v.* Kimball et al.

The contract, as shown by the executor, is that of Sept. 24, 1824. Now no law is clearer, than that married persons cannot covenant with each other without the intervention of a trustee; and Daniel Fisher is no party to that instrument. If it be said that that is a mere expression of consent, it appears otherwise; for it carries within it a consideration which is totally void;—for, as a release of the wife's right to the husband's personal property, it amounts to nothing; and, as a release of dower in his estate, it would be nugatory without a jointure. And, as one taking by execution of a power takes under the power, in the same manner as if it had been incorporated in the instrument,—*Marlboro'* v. *Godolphin,* 2 Ves. 78,—so, if the power fails, the instrument made under it fails likewise.

If it be said, that, notwithstanding this objection, the instrument, if found by the jury, may be taken as a declaration of a trust, *ante nuptial,* or otherwise, in Daniel Fisher, without his signature, to hold all the property which she was to dispose of, and as consent by the husband that the wife might make a disposition and appointment of the same by will,—then we say that that important instrument ought to have been so put to the jury, and the point not have been left to rest upon the mere fairness of the execution of the license of March, 1839.

It is also objected that the writing of Jan. 24, 1843, and the will of Aug. 7, 1838, should not have gone to the jury.

*Kellogg* and *Tyler* for executor.

1. The execution of the will being proved, the will itself was properly admitted in evidence to the jury. Reeve's Dom. Rel. 141–2, 144, 149. Cro. Car. 219, 376. 2 Ves. 75, 190. 1 Wend. 111. *Hearle* v. *Greenbank,* 3 Atk. 709. 2 Ib. 69. *Jaques* v. *M. Ep. Ch.,* 17 Johns. 548. 2 Kent. 170. 3 Johns. Ch. R. 481.

2. The agreement dated Sept. 24, 1824, and signed by the testatrix and her husband, and the paper signed by Abraham Holland, dated Aug. 4, 1838, and the paper signed by him dated March 6, 1839 were properly admitted in evidence, as they tended to prove the issue taken upon the plaintiff's replication to the fourth plea.

3. The paper dated Jan. 24, 1843, executed by Holland, giving

his consent to the probate of the will, was correctly admitted ; it was a ratification of the will.

4.   The declarations of Abraham Holland, as to the right of his wife to make a will disposing of her property by reason of an agreement made between them before marriage, were proper to be given in evidence, as tending to show that he was not imposed upon, but had uniformly understood it in conformity with the written licenses which he had given at various times.

The opinion of the court was delivered by

REDFIELD, J.   The only question, properly arising in this case, is in regard to the right of a married woman to dispose of her separate personal estate by will.   By statute, in this State, the right to dispose of real and personal estate is put upon the same ground, with the exception of nuncupative wills of personal estate to the value of two hundred dollars, which shall be reduced to writing by some witness within six days after they are made, and presented for probate within six months after the death of the testator.

In England married women are expressly excepted from the statute of wills.   They cannot, therefore, dispose of their real estate, nor of their personal estate, except it be such as is settled to their separate use, or which they hold in the right of another, as trustees merely.   But it seems to be conceded on all hands, that, even there, a married woman may dispose of all her estate by will, with the express consent of her husband, or where, by marriage settlement, the husband expressly consents that she shall have this right. 2 Kent 170.   Reeve's Dom. Rel. 137 *et seq.*

As our statute expressly *excepts* from the right of making wills persons not of full age and sound mind, it is supposed by many that it must *include* married women.   Judge Reeve seems to take this view of similar statutes;—and, if it were necessary, I think very good reasons might be urged in favor of that view.

No farther objection is raised to the trial below, except to the form of putting the case to the jury; and we do not perceive that that is objectionable.

Judgment affirmed.